FILED

2008 MAR 27 PM 3: 33

CLERK US DIST...
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY DON EVANS,<br><br>                                  Plaintiff,<br>vs.<br><br>COUNTY OF SAN DIEGO; WILLIAM B. KOLENDER, Sheriff; et al.,<br><br>                                Defendants. | CASE NO. 06 CV 0877 JM (RBB)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION** |

      Plaintiff Terry Don Evans, a state prisoner proceeding <u>in propia persona</u>, brought this action under 42 U.S.C § 1983 for violations of his civil rights on April 13, 2006. (Doc. # 1.) On January 8, 2007, Plaintiff filed a Second Amended Complaint. (Doc. # 18.) Plaintiff alleges that Defendants violated his Fifth and Fourteenth Amendments when they were deliberately indifferent to his medical needs by delaying meaningful medical treatment.

      On March 19, 2007, Defendants filed a motion to dismiss or to require a more definite statement. (Doc. # 27.) The R&R concludes that the Motion to Dismiss should be denied because (1) the doctrine of res judicata does not prohibit the case; (2) the statute of limitations has not expired; (3) the complaint states a cause of action; and (4) Defendants have failed to prove that the Plaintiff did not exhaust his administrative remedies. The R&R concludes that the Motion for a More Definite Statement should be denied as well. Finally, the R&R concludes that the Plaintiff's request for leave to file a third amended complaint to correct any problems in his Second Amended Complaint should

1 also be denied.

2 Having carefully considered the thorough and thoughtful R&R, the record before the court, the absence of any objections to the R&R, and applicable authorities, the court adopts the R&R's conclusions in their entirety. However, in relation to res judicata, the court is slightly less certain than the R&R about the nature of the § 1983 claim raised in Superior Court Case No. GIN 042737 ("the state case").

It is unclear if the state and federal complaints present different claims. The R&R concludes that the state claim was that the "[d]efendants were indifferent to his health and safety by maintaining the hazardous condition of the floor." (R&R at 17.) Defendants claim that the reference to deliberate indifference is the same claim as deliberate indifference to medical care currently before the court. (Mot. to Dismiss 6.) However, the state complaint is unclear because Plaintiff's reference to a § 1983 claim was short and isolated, similar to a page heading, and the complaint did not include factual allegations specifically supporting the claim. (Id.) Without additional factual allegations specifically supporting the 1983 claim, it cannot be said that Plaintiff was alleging that Defendants failed to treat his injury.

Since the facts were unclear, the court looks at the focus of the evidentiary facts underlying the complaint. See Harris v. Jacobs, 621 F.2d 341, 344 (9th Cir. 1980). In the state complaint, Plaintiff did not allege any facts which relate to medical treatment. The bulk of the facts focused on the conditions of the shower. Additionally, the state court's order does not shed any light on the § 1983 claim then before the court. While Defendants allege that the § 1983 claims in the state case and in the present case are the same, there is no basis for Defendants' contention that the state § 1983 claim alleged a failure to treat.

Res judicata is an affirmative defense, and the burden of proof is on the moving party. Fed. R. Civ. P. 8(c)); Shapley v. Nevada Board of State Prison Comm., 766 F.2d 404, 407 (9th Cir. 1985). Since Defendants do not fulfil their burden, this court reaches the same conclusion as the R&R and holds that Plaintiff's complaint is not barred by res judicata.

//
//

1       In sum, Defendants' Motion to Dismiss is **DENIED**. Defendants' Motion for a More Definite
2 Statement is **DENIED**. Plaintiff's Motion for Leave to File a Third Amended Complaint is **DENIED**.
3       **IT IS SO ORDERED.**
4 DATED: 3/27, 2008

                                            **JEFFREY T. MILLER**
                                            United States District Judge

cc:     All parties