UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY DON EVANS, | Civil No. 06cv877-JM (RBB) |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S DECLARATIONS FOR ENTRY OF DEFAULT [DOC. NOS. 70, 74], PLAINTIFF'S APPLICATION FOR ENLARGEMENT OF TIME TO FILE AMENDED PLEADINGS [DOC. NO. 80], AND PLAINTIFF'S APPLICATION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT [DOC. NO. 87]** |
| v. | |
| COUNTY OF SAN DIEGO; WILLIAM B. KOLENDER, Sheriff; DR. EARL GOLDSTEIN, County Sheriff's Medical Director; BRUCE LEICHT, Medical Administrator, | |
| Defendants. | |

   Plaintiff, a state prisoner proceeding pro se and in forma pauperis, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 on April 13, 2006 [doc. no. 1]. On September 1, 2006, Evans filed an Amended Complaint [doc. no. 11], and on January 8, 2007, he filed a Second Amended Complaint [doc. no. 18] naming the County of San Diego, William Kolender, and John/Jane Doe #1, Chief Medical Officer, as Defendants. (Second Am. Compl. 2.) The Court ordered the U.S. Marshal to serve the County of San Diego, William Kolender, and John/Jane Doe #1, Chief Medical Officer [doc. no.

1

1  21]. Certificates of service of process for each Defendant were
2  filed on February 28, 2007 [doc. nos. 24-26].
3      The County of San Diego and Kolender filed a Motion to Dismiss
4  [doc. no. 28] on March 19, 2007, which this Court recommended be
5  denied on December 6, 2007 [doc. no. 48]. United States District
6  Judge Jeffrey T. Miller issued his Order Adopting Report and
7  Recommendation on March 27, 2008 [doc. no. 49]. Defendants County
8  of San Diego and Kolender filed an Answer on April 21, 2008 [doc.
9  no. 50].

## I. Plaintiff's First Motion for Entry of Default

On September 11, 2008, Evans filed a Declaration for Entry of Default against Defendant John/Jane Doe #1, Chief Medical Officer [doc. no. 70]. Four days later, on September 15, 2008, San Diego County Counsel filed an Answer to Plaintiff's Second Amended Complaint on behalf of Defendant Dr. Earl Goldstein [doc. no. 69]. The Court issued an order setting a briefing schedule for Plaintiff's requested default [doc. no. 76]. Defendants' Memorandum of Points and Authorities in Support of Defendants' Opposition to Plaintiff's "Declaration for Entry of Default" was filed on October 27, 2008 [doc. no. 81].

## II. Plaintiff's Second Motion for Entry of Default

Evans submitted a Declaration for Entry of Default against Bruce Leicht, Medical Administrator [doc. no. 74], which was filed, nunc pro tunc, to September 23, 2008. An Answer to Plaintiff's Second Amended Complaint was filed on behalf of Bruce Leicht on October 2, 2008 [doc. no. 75]. Defendants subsequently filed a Memorandum of Points and Authorities in Support of Defendants' Opposition to Plaintiff's "Declaration for Entry of Default" on

November 12, 2008 [doc. no. 85].  Evans's Reply was filed, nunc pro tunc, to November 7, 2008 [doc. no. 89], and its accompanying exhibits were filed on November 24, 2008 [doc. no. 92].

### III. Plaintiff's Application for Enlargement of Time to File Amended Pleadings

Evans filed an Application for Enlargement of Time File Amended Pleadings [doc. no. 66] requesting a sixty-day extension of time in order to file a complaint that "conform[s] to evidence or after completion of discovery . . . ."  (Pl.'s Application Enlargement Time File Am. Pleadings 2, Aug. 28, 2008.)  Defendants did not oppose Plaintiff's request to "join other parties." (Defs.' Non-opp'n 1.)  The Court did not find good cause, but, due to Defendants' non-opposition, issued an Order partially granting Plaintiff's request [doc. no. 68].  Evans was allowed to file a motion to join parties, amended pleadings, or file additional pleadings to be heard by October 8, 2008.  (Order Granting in Part Pl.'s Mot. Enlargement 1-2.)  Plaintiff failed to meet the deadline and instead filed a second Application for Enlargement of Time to File Amended Pleadings nunc pro tunc to October 8, 2008, or, alternatively, requested an extension to November 7, 2008 [doc. no. 80].

### IV. Plaintiff's Application for Leave to File a Third Amended Complaint

Evans also filed an Application for Leave to File a Third Amended Complaint nunc pro tunc to November 8, 2008, requesting permission to amend his Complaint to name both Dr. Earl Goldstein and Bruce Leicht as defendants [doc. no. 87].

The Court found Plaintiff's motions to be suitable for decision without oral argument pursuant to Civil Local Rule 7.1(d)(1) [doc. no. 94].

### A. FACTUAL BACKGROUND

In January 2004, Evans was housed as a pretrial detainee in the San Diego County detention facility in Vista, California. (Second Am. Compl. 3.)  Plaintiff slipped and fell while exiting the shower area of a housing unit.  (<u>Id.</u>)  Evans contends that his right knee and leg were injured, and he suffered severe pain. (<u>Id.</u>)

Plaintiff's Second Amended Complaint alleges that Evans's right to adequate and meaningful medical care was violated.  (<u>Id.</u>) He named the Chief Medical Officer as a defendant in his individual capacity and described the person as "legally responsible for the management, supervision and medical care [for] all inmates, prisoners and/or detainees [of the] County of San Diego Sheriff Department."  (<u>Id.</u> at 2.)

### B. DEFAULT

The Federal Rules of Civil Procedure provide, "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a).  Even a default, however, does not automatically entitle a plaintiff to a default judgment.  The clerk of the court may enter a default judgment "[if] the plaintiff's claim is for a sum certain or a sum that can be made certain by computation . . . ." Fed. R. Civ. P. 55(b)(1).  In all

other cases, the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2).

Generally, "[i]f a defendant fails to respond to a complaint, default judgment may be entered on behalf of the plaintiff." Fed. Mar. Comm'n v. S.C. State Ports Auth., 535 U.S. 743, 757 (2002) (citation omitted) (discussing the Federal Maritime Commission Rules of Practice and noting the similarity to the Federal Rules of Civil Procedure). But "default judgments are ordinarily disfavored." Eitel v. McCool, 782 F.2d 1470, 1472 (9th Cir. 1986). "Cases should be decided upon their merits whenever reasonably possible." Id. (citing Pena v. Seguros La Comercial, S.A., 770 F.2d 811, 814 (9th Cir. 1985)); see also Cmty. Dental Servs. v. Tani, 282 F.3d 1164, 1170 (9th Cir. 2002).)

A default judgment may not be entered before the defendant has an obligation to defend the suit. Ashby v. McKenna, 331 F.3d 1148, 1152 (10th Cir. 2003). Plaintiff must complete proper service of process before a default judgment may be entered. Jacobs v. Tenney, 316 F. Supp. 151, 165-66 (D. Del. 1970). Generally, entry of default judgment is not proper if there has been an appearance in the case. See Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc., 840 F.2d 685, 689 (9th Cir. 1988). Although a defendant is late in filing a responsive pleading, if the plaintiff has not been prejudiced by the delay, the district court may deny a motion for entry of default judgment. Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309, 1317 (11th Cir. 2002).

**1. Entry of Default**

    **i. Plaintiff's First Motion**

Evans asks the Court to enter a default against the fictitiously named John/Jane Doe #1, Chief Medical Officer. (Decl. Entry Default 3, Sept. 11, 2008.) He claims that more than twenty days have elapsed since he filed and served the Second Amended Complaint on John/Jane Doe #1, Chief Medical Officer. (Id. at 2.)

Four days after Plaintiff moved for entry of default, Dr. Earl Goldstein, County Sheriff's Medical Director, filed an Answer "in an abundance of caution." (Opp'n 1, Oct. 27, 2008.) The Defendant opposes entry of default for the following reasons:  (1) No individual was identified, named, or served by Plaintiff; (2) a responsive pleading has been entered; and (3) the parties were working together to identify the correct individual. (Id. at 3-5.)

    **ii. Plaintiff's Second Motion**

Evans made a second request for default against "John/Jane Doe #1, Chief Medical Officer, whom [sic] name and title corrected or by amendment [sic] is Bruce Leicht, Medical Administrator . . . ." (Decl. Entry Default 3, Oct. 1, 2008.) He points to the completed proof of service form signed on February 27, 2007, for John/Jane Doe #1, Chief Medical Officer, and the absence of an answer from Leicht to support his assertion that default is proper. (Id. at 2-3.)

On October 2, 2008, the day after Plaintiff made his request for a default, an Answer was filed on behalf of Bruce Leicht, "in an abundance of caution." (Opp'n 1, Nov. 12, 2008.) Leicht

opposes entry of default for the same reasons argued by Defendant Goldstein:  (1) No individual was identified, named, or served by Plaintiff; (2) a responsive pleading has been entered; and (3) the parties were working together to identify the correct individual. (Id. at 3-5.)

In Evans's Reply, he explains that he now believes Defendant John/Jane Doe #1, Chief Medical Officer, encompasses two individuals:  Dr. Earl Goldstein and Bruce Leicht. (Mem. P. & A. Supp. Pl.'s Reply 2, Nov. 14, 2008.)  He blames Defendants for his inability to identify John/Jane Doe #1, earlier. (Id. at 2-3.)

**(a)  Individuals Identified, Named, or Served**

Plaintiff's Second Amended Complaint named John/Jane Doe #1, Chief Medical Officer, as a fictitious defendant [doc. no. 18]. Evans provided limited information for serving this Defendant to the United States Marshals Service.  Plaintiff gave the following instructions:  "Please serve the Chief Medical Officer, San Diego County Sheriff, Department Medical Services Division by personal process service or authorized agent.  Tele # (858) 974-2240[.] I was not able to ascertain whether above address is correct [doc. no. 24]."  On February 27, 2007, the Complaint and Summons issued for John/Jane Doe #1, Chief Medical Officer, was served on Matilde Aguilar, "Office Spec." at 8525 Gibbs Dr. #303, San Diego, California 92123. [doc. no. 24].  But the County of San Diego does not employ a person with the title 'Chief Medical Officer.' (Opp'n 2, Oct. 27, 2008; Opp'n 1, Nov. 12, 2008.)  Furthermore, Evans has not demonstrated that Matilde Aguilar was an agent authorized to accept service for either Defendant Goldstein or Leicht.  Because the County of San Diego does not employ a "Chief Medical Officer,"

1  Plaintiff cannot show that Aguilar was authorized to accept service
2  of process for the nonexistent position.  A party must receive
3  service of process before a default judgment may be entered against
4  him.  <u>Jacobs</u>, 316 F. Supp. at 165-66.  Goldstein and Leicht did not
5  receive service of process before Plaintiff moved for entry of
6  default.  Thus, Plaintiff has not shown that the entry of a default
7  for either Goldstein, Leicht, or a "Chief Medical Officer" is
8  proper.

**(b)  Responsive Pleadings**

10    Within a few days of Evans's multiple requests for default,
11  Answers were filed on behalf of Goldstein [doc. no. 69] and Leicht
12  [doc. no. 75].  Arguably, neither Defendant was properly served,
13  but both Goldstein and Leicht have voluntarily appeared in the case
14  and filed responsive pleadings, making the entry of a default for
15  either improper.  <u>Direct Mail Specialists, Inc.</u>, 840 F.2d at 689.

**(c)  Cooperation to Identify the Correct Defendants**

17    Evans contends that default is proper because Defendants
18  prevented him from properly identifying John/Jane Doe #1, Chief
19  Medical Officer sooner.  (Mem. P. & A. Supp. Pl.'s Reply 2, Nov.
20  14, 2008.)  Defendants argue that the parties worked together to
21  identify the correct individuals.  (Opp'n 5, Oct. 27, 2008.)
22  "Plaintiff cannot show that any medical official with the Sheriff's
23  Department is willfully ignoring a summons or does not wish to
24  defend himself in this lawsuit."  (<u>Id.</u> at 4; Opp'n 4, Nov. 12,
25  2008.)

26    Any doubt as to the propriety of a default should be resolved
27  in favor of deciding the case on its merits.  See <u>O'Connor v.</u>
28  <u>Nevada</u>, 27 F.3d 357, 364 (9th Cir. 1994) (discussing a motion to

1  set aside a default); <u>Qwest Commc'ns Corp. v. Olympic Peninsula
2  Dev. Co.</u>, No. C07-5147-RJB 2007 U.S. Dist. LEXIS 40800, at *4 (W.D.
3  Wash. June 5, 2007 (holding the same).  This is because "default
4  judgments are generally disfavored.  Whenever it is reasonably
5  possible, cases should be decided upon their merits."  <u>Pena</u>, 770
6  F.2d at 814 (citing <u>Patapoff v. Vollstedt's, Inc.</u>, 267 F.2d 863,
7  865 (9th Cir. 1959); <u>see also</u> <u>Schwab v. Bullock's Inc.</u>, 508 F.2d
8  353, 355 (9th Cir. 1974).

9       As early as May 29, 2007, Evans was aware of Leicht's identity
10 and position as Medical Services Administrator for the San Diego
11 County Sheriff's Department as evidenced by a letter from County
12 Counsel to Plaintiff asking him to cease contact with Leicht and
13 instead direct all communications to Defendants' attorney.  (Mem.
14 P. & A. Supp. Reply Ex. A at 1, Nov. 24, 2008.)

15      An Order adopting this Court's Report and Recommendation to
16 deny Defendants' Motion to Dismiss was entered on March 27, 2008,
17 and an Answer on behalf of the County of San Diego and William B.
18 Kolender was filed on April 21, 2008 [doc. nos. 49, 50].  A case
19 management conference was held on May 16, 2008, and the Court
20 issued a schedule of dates relating to discovery and pre-trial
21 matters [doc. no. 54].

22      On August 28, 2008, Plaintiff requested an enlargement of time
23 to file amended pleadings [doc. no. 66].  Defendants filed their
24 non-opposition to joinder of additional parties on September 8,
25 2008 [doc. no. 67].  The Court partially granted Plaintiff's
26 request and authorized Evans to file a motion to add defendants, to
27 be heard by October 8, 2008 [doc. no. 68].
28

Even if Evans was not aware of Goldstein's identity by the beginning of September, he was formally provided Goldstein's and Leicht's names and titles on September 15, 2008. (Mem. P. & A. Supp. Defs.' Opp'n Brodie Decl. Ex. 1 at 1, Oct. 27, 2008.) County Counsel wrote Evans in response to the Motion for Default and stated in part, "As you have seen in the County's responses to your written interrogatories' . . . Bruce Leicht is the medical administrator for the Sheriff's Detention Medical Services Division. Also, Dr. Earl Goldstein is the Medical Director of the Sheriff's Medial Services Division." (Id.)

On September 19, 2008, Evans sent a letter in response indicating that he did not think Goldstein was the appropriate defendant, but rather wished to sue Leicht. (Id. Ex. 2 at 1.) About a month later, on October 20, 2008, Plaintiff changed his mind and wished to sue both Goldstein and Leicht. (Id. Ex. 3 at 1.)

On October 23, 2008, Defendants' attorney provided Evans the complete name, title, and job descriptions of both Goldstein and Leicht. (Mem. P. & A. Supp. Reply Ex. B 1-2, Nov. 24, 2008.) The following day, counsel sent another letter to Plaintiff indicating that he was aware Evans wished to sue both Goldstein and Leicht and attempted to persuade Plaintiff to withdraw his motion for default by stating, "I will agree to allow you to name either Mr. Leicht or Dr. Goldstein -- or both, if you prefer -- in this lawsuit, and this office will file legal responses on their behalf." (Mem. P. & A. Supp. Defs.' Opp'n Brodie Decl. Ex. 4 at 1.)

Based on the forgoing efforts to identify John/Jane Doe #1, Chief Medical Officer, it does not appear that Goldstein or Leicht

attempted to avoid defending this suit.  Additionally, Plaintiff had the opportunity to add Goldstein and Leicht as Defendants through amendment rather than seeking a default against them.  The Court finds that a default should not be entered against Defendants Goldstein, Leicht or John/Jane Doe #1, Chief Medical Officer, due to the failure to properly serve the defendant, the cooperative efforts to identify the correct defendants, and judicial policy favoring a decision on the merits rather than entry of default.

### (d) Prejudice

Plaintiff has not alleged he was prejudiced by Goldstein and Leicht's delay in filing their Answers.  A motion for entry of default judgment may be denied, even where defendant is late in filing a responsive pleading, if Plaintiff has not been prejudiced by the delay.  Mitchell, 294 F.3d at 1317.  Additionally, by October 2, 2008, both Goldstein and Leicht had filed their Answers [doc. nos. 69, 75] leaving adequate time to complete additional discovery.  Because Evans has not demonstrated that he suffered any prejudice, an entry of default is not proper.

### (e) Conclusion

Plaintiff's Declaration for Entry of Default against Dr. Earl Goldstein or Defendant John/Jane Doe #1, Chief Medical Officer, [doc. no. 70] is **DENIED**, and Plaintiff's Declaration for Entry of Default against Bruce Leicht, Medical Administrator, is also **DENIED** [doc. no. 74].

### C. THIRD AMENDED COMPLAINT

Evans first sought an enlargement of time to file an amended complaint [doc. no. 80] and later clarified that he sought leave to file a third amended complaint in order to name Goldstein and

Leicht as defendants in place of John/Jane Doe #1, Chief Medical Officer [doc. no. 87].

Under Federal Rule of Civil Procedure 15(a), "A party may amend its pleading once as a matter of course: (A) before being served with a responsive pleading . . . ." Fed. R. Civ. P. 15(a). In this case, the County of San Diego and Kolender filed an Answer on April 1, 2008 [doc. no. 50]. After an answer, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Id. It rests in the sound discretion of the trial court whether to grant leave to amend. See Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995) (citing Outdoor Sys., Inc. v. City of Mesa, 997 F.2d 604, 614 (9th Cir. 1993)).

In general, "Rule 15's policy of favoring amendments to pleadings should be applied with 'extreme liberality.'" United States v. Webb, 655 F.2d 977, 979 (9th Cir. 1981) (citing Rosenberg Bros. & Co. v. Arnold, 283 F.2d 406 (9th Cir. 1960) (per curiam)). The policy of favoring amendments under Rule 15(a) "is applied even more liberally to pro se litigants" than to parties represented by counsel. Eldridge v. Block, 832 F.2d 1132, 1135 (9th Cir. 1987). The factors to be considered in deciding whether to grant a motion to amend are "bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the party has previously amended his pleadings." Bonin, 59 F.3d at 845 (citing W. Shoshone Nat'l Council v. Molini, 951 F.2d 200, 204 (9th Cir. 1991)).

Evans filed his Complaint on April 13, 2006 [doc. no. 1], his Amended Complaint on September 1, 2006 [doc. no. 11], and his

1  Second Amended Complaint on January 8, 2007 [doc. no. 18]. He made
2  a Motion to File a Third Amended Complaint, which was denied on
3  March 27, 2008 [doc. nos. 40, 49]. Plaintiff initially sought an
4  enlargement of time to file amended pleadings without explaining
5  the changes he wished to make. (Application for Enlargement of
6  Time 2.) Evans later sought leave to file a third amended
7  complaint in order to name Goldstein and Leicht as defendants.
8  (Application Leave File Third Am. Compl. 2.)

   Defendants Goldstein and Leicht have each voluntarily appeared in this case by filing Answers [doc. nos. 69, 75]. See <u>Louisville & N.R. Co. v. Schmidt</u>, 177 U.S. 230, 238 (1900); <u>Rauch v. Day & Night Mfg. Corp.</u>, 576 F.2d 697, 700 (6th Cir. 1978); see also <u>Nagle v. Lee</u>, 807 F.2d 435, 440 (5th Cir. 1987).

> A party to a cause of action is a person who is both named as a party and subjected to the court's jurisdiction. A person named as a party can subject himself to the court's jurisdiction either by voluntarily appearing in court or by being brought under the court's authority through valid service of process. Only a party is bound by or entitled to the benefits of the rules of res judicata. These principles apply with equal force to persons fictitiously named . . . . [T]he Restatement states, "the only question with respect to individuals [fictitiously named] is whether the summons and complaint or other notice of the proceedings is a reasonable appraisal that the action concerns him."

<u>Id.</u> (Citations omitted). Defendants Goldstein and Leicht, and their counsel, concluded that the allegations in Evans's Second Amended Complaint concerned them. So, they each filed an Answer.

   Rule 15 of the Federal Rules of Civil Procedure authorizes "[a] plaintiff [to] amend a pleading to change the capacity of the parties identified in the complaint, or to correct misnomers. For example, a plaintiff may amend to (1) sue parties in their individual capacities, rather than their official capacities (and

vice versa) . . . . 3 James Wm. Moore, et al., Moore's Federal Practice § 15.16[2], at 15-68 (3d ed. 2008) (footnote omitted). Plaintiff's request is consistent with this principle. Evans seeks to file his Third Amended Complaint to allege that "the name of the John/Doe defendant is in actuality two separate individuals: Bruce Leicht, Medical Administrator and Dr. Earl Goldstein, Medical Director, Medical Services Division, County of San Diego Sheriff's Department." (Application Leave File Third Am. Comp. Conform Evid. 1-2.) "The Third Amended Complaint as amended reflects the identities and the actions of said officials." (Id. at 2.)

Counsel representing Goldstein and Leicht had previously stated that he had no opposition to Evans naming Goldstein and Leicht as "individually named defendants." (Defs.' Opp'n Brodie Decl. Ex. 4 at 2, Oct. 27, 2008.) As a result, if Evans's proposed Third Amended Complaint was before the Court and limited to the narrow amendments Plaintiff described, he would be granted leave to file it.

> To obtain leave of court to amend a pleading the party's motion should attach a copy of the proposed amendment or new pleading. Failure to attach the proposed amendment is not necessarily fatal, but may result in denial of leave to amend on the grounds that the court cannot evaluate the propriety of granting leave unless the court is presented with the substance of the proposed amendment.

3 James Wm. Moore, et al., Moore's Federal Practice § 15.17[1], at 15-76 to 15-77 (footnotes omitted). Nevertheless, Plaintiff will be conditionally granted through January 30, 2009, to file a Third Amended Complaint that names Defendants Goldstein and Leicht and describes their alleged conduct. If Evans files a pleading that

exceeds these limitations, Defendants may file a motion to strike for failure to comply with the terms of this order.

Thus, Evans's Application for Enlargement of Time to File Amended Pleadings [doc. no. 80] is **GRANTED** to include the filing of his Application for Leave to File a Third Amended Complaint [doc. no. 87].

### D. CONCLUSION

For the reasons set forth above, Plaintiff's Declaration for Entry of Default against defendant John/Jane Doe #1, Chief Medical Officer [doc. no. 70] is **DENIED**, and Plaintiff's Declaration for Entry of Default against Bruce Leicht, Medical Administrator, is also **DENIED** [doc. no. 74].  Evans's Application for Enlargement of Time to File Amended Pleadings [doc. no. 80] is **GRANTED**, and his Application for Leave to File a Third Amended Complaint [doc. no. 87] is conditionally **GRANTED**.

DATE: January 8, 2009

_____
RUBEN B. BROOKS
United States Magistrate Judge

cc: Judge Miller
    All Parties of Record