UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY DON EVANS,<br><br>        Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO; WILLIAM B. KOLENDER, Sheriff; DR. EARL GOLDSTEIN, County Sheriff's Medical Director; BRUCE LEICHT, Medical Administrator,<br><br>        Defendants. | Civil No. 06cv877 JM(RBB)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO SUPPRESS DEPOSITION [DOC. NO. 95]** |

    On December 1, 2008, Plaintiff Terry Don Evans, a state prisoner proceeding pro se and in forma pauperis, filed a Motion to Suppress Deposition [doc. no. 95] asking the Court to suppress a deposition taken of him that he refuses to sign. To date, Defendants have not filed an opposition. Although local rule 7.1(f)(3)(c) provides that failure to oppose a motion may constitute consent to it, this Court will evaluate the merits of Evans's request. S.D. Cal. Civ. L.R. 7.1(f)(3)(c).

//

//

**DISCUSSION**

At the beginning of Evans's deposition, counsel for the Defendants explained the deposition process. "You'll get a chance to review the transcript in this case . . . . You'll get a chance to read through and make any changes that you want to make." (Decl. Evans Attach #1 Not. Lodgment Mot. Suppress Dep. 7:7-12, Oct. 15, 2008.) When the deposition ended, counsel stated, "I would agree to allow you 30 days to review that transcript, make any changes you need to, and then sign it under penalty of perjury and send it back to my office." (Id. at 55:10-13.) The process to correct errors was explained to Evans. "What you can do is you can mark out the incorrect statement and write in what you believe is correct. And then you'll just -- there's usually a sheet that will say what page and what line is changed, and you can write in that there . . . . (Id. at 57:12-16.)

Evans claims that the October 15, 2008, deposition taken of him should be suppressed because he has been prejudiced by receiving an open copy of the transcript. (Mot. Suppress Dep. Attach. #1 Mem. P.& A. 1-2.) Additionally, Plaintiff explains that he misunderstood and did not recognize the importance of three specific questions, so he refused to sign the deposition transcript. (Mot. Suppress Dep. Attach. #2 Decl. Evans 2.) The challenged questions are as follows:

> Q. Was that in the Vista Detention Facility? [Where and when injury occurred]; Q. So it seemed like the doctors that you saw before that orthopedic specialist did not know exactly what was wrong with the knee?
> Q. . . . is there any individual person who you're saying treated you improperly having to do with your medical care or delay of surgery?

1  Id. at 2; see also Decl. Evans Attach #1 Not. Lodgment Mot.
2  Suppress Dep. 12, 16-17, 31-32.  Evans filed a copy of the
3  deposition transcript, which he did not sign, along with a page
4  listing ten nonsubstantive revisions.  (Id. at 58-9.)
5       Plaintiff cites section 2025(q)(1) of the California Code of
6  Civil Procedure as authority for his motion to suppress.  (Not.
7  Mot. Suppress Dep. 2.)  Section 2025(q)(1), however, has been
8  amended, and its provisions are now contained in section 2025.520
9  of the California Code of Civil Procedure.  Like its predecessor,
10 section 2025.520(b) states that a deponent may "refuse to approve
11 the [deposition] transcript by not signing it."  Cal. Civ. Proc.
12 Code § 2025.520(b)(West 2007).  "[T]he deponent may change the form
13 or the substance of the answer to any question and may approve or
14 refuse to approve the transcript by means of a letter to the
15 deposition officer."  Cal. Civ. Proc. Code § 2025.520(c)(West
16 2007).  Evans refuses to approve his deposition transcript, which
17 does not affect its use.  Cal. Civ. Proc. Code § 2025.520(f)(West
18 2007).  "[O]n a seasonable motion to suppress the deposition,
19 accompanied by a meet and confer declaration under Section
20 2016.040, the court may determine that the reasons given for the
21 failure or refusal to approve the transcript require rejection of
22 the deposition in whole or in part."  Cal. Civ. Proc. Code §
23 2025.520(g)(West 2007).
24      The California Code of Civil Procedure does not support
25 Evans's motion to suppress his deposition.  First, the Plaintiff's
26 declaration is insufficient to constitute a "meet and confer"
27 declaration.  Second, the reasons given for suppressing the
28 deposition do not warrant suppressing the deposition testimony.

Any misunderstanding by Evans can be explained at trial or, in the context of a motion, in an explanatory declaration.  Finally, and more importantly, Plaintiff's Complaint seeks relief pursuant to 42 U.S.C. § 1983.  His federal civil rights case is governed by the Federal Rules of Civil Procedure.  Fed. R. Civ. P. 1.

Before the 1993 Amendment to Rule 30(e), a deponent was required to sign the transcript of deposition testimony.  Fed. R. Civ. P. 30 advisory committee notes on 1993 amendments; see also 7 James Wm. Moore et al., Moore's Federal Practice § 30App.08[1], at 30App.-22 (3d ed. 2008).  The advisory committee notes explain the rationale:

> Various changes are made in this subdivision to reduce problems sometimes encountered when depositions are taken stenographically.  Reporters frequently have difficulties obtaining signatures -- and the return of depositions -- from deponents.  Under the revisions pre-filing review by the deponent is required only if requested before the deposition is completed.  If review is requested, the deponent will be allowed 30 days to review the transcript and to indicate any changes in form or substance.  Signature of the deponent will be required only if review is requested and changes are made.

Id. at 30App.-26 (quoting Fed. R. Civ. P. 30 advisory committee notes on 1993 amendment to 30(e)).

Since 1993, the Federal Rules of Civil Procedure do not require a deponent to review and sign a deposition transcript, but Rule 30(e) provides an opportunity to do so upon a party's or the deponent's request.  Fed. R. Civ. P. 30 (e)(1)-(2).  When review of the transcript is requested, the deponent may make changes to its form or substance but must provide a signed statement listing the alterations and reasons for each change.  Id.  This must be done within thirty days of being notified that the transcript has been completed.  Id.  Changes made to a deposition transcript must have

a legitimate purpose.  Hambleton Bros. Lumber Co. v. Balkin Enter., Inc., 397 F.3d 1217, 1224-1225 (9th Cir. 2005.)  Nevertheless, the fact that the deponent refuses to sign the deposition transcript does not make it inadmissible.  EEOC v. Nat'l Cleaning Contractors, Inc., 90 Civ. 6398 (BSJ), 1996 U.S. Dist. LEXIS 7026, at *4 (S.D.N.Y. May 23, 1996).

If the deponent requested review but did not sign a statement listing his requested changes within the thirty day period allowed, the deposition officer must indicate in the certificate that review was requested but no changes were received.  Fed. R. Civ. P. 30(e)(2); William W. Schwarzer et al, Cal. Prac. Guide: Fed. Civ. Pro. Before Trial § 11:1598, at 11-213 to 14 (2008).

Evans also seeks to suppress the use of his deposition testimony, pursuant to Rule 32(d)(4) of the Federal Rules of Civil Procedure.  (Mot. Suppress Dep. Attach. #1 Mem. P. & A. 2.)  In his supporting memorandum, he complains that "[w]hen Plaintiff received [the] deposition[,] it was opened."  (Id.)  Rule 32(d)(4) provides as follows:  "An objection to how the officer transcribed the testimony -- or prepared, signed, certified, sealed, endorsed, sent, or otherwise dealt with the deposition -- is waived unless a motion to suppress is made promptly after the error or irregularity becomes known or, with reasonable diligence, could have been known."  Fed. R. Civ. P. 32(d)(4).  Plaintiff claims he has been prejudiced by the possibility of a person reading or copying the open copy of the transcript that was delivered to him, but Evans has not shown that any person has actually done so or that prejudice has occurred as a result.  This charge is an

insufficient basis to suppress the use of his deposition testimony.

"The question of the admissibility of evidence at trial is separate from that of suppressing the deposition . . . ." <u>Cervin v. W.T. Grant Co.</u>, 100 F.2d 153, 155 (5th Cir. 1938.) The issue raised by Evans is whether to suppress the entire deposition, not whether certain passages will be admissible at trial. <u>Cervin,</u> 100 F.2d at 155. Evans asks the Court to suppress his deposition testimony because he "misunderstood the import of the questions. (Mot. Suppress Dep. Attach. #1 P. & A. 2.) "When I realized the error, I refused to sign the transcript." (<u>Id.</u>)

The deposition should not be suppressed in its entirety if any part is admissible. <u>Atchinson, T. & S.F. Ry. Co. v. Ritterbusch</u>, 198 F. 46, 53. (8th Cir. 1912). Although Plaintiff argues that he misunderstood certain questions, many others are not challenged. Thus, complete suppression is not appropriate. Evans's ten minor changes to the text of the transcript shows that the testimony has not been impaired by failure to review and correct it. Even partially completed depositions, where the witness refused to answer some questions and lacked information needed to respond to others, have been admissible in evidence. <u>Re-Trac Corp. v. J. W. Speaker Corp.</u>, 212 F. Supp. 164 (E.D. Wisc. 1962). Of course, Evans retains the right to object to the admission of deposition testimony at trial. For example, Rule 403 of the Federal Rules of Evidence states that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . . ." Fed. R. Evid. 403. Thus, even though Plaintiff refuses to

sign the transcript, the Court finds that his deposition should not be suppressed. Evans's Motion [doc. no. 95] is **DENIED**.

DATE: February 4, 2009

                                          RUBEN B. BROOKS
                                  United States Magistrate Judge

cc: Judge Miller
     All Parties of Record